KNOLL, Judge.
Richard A. Waltrip appeals the dismissal of his damage claim against Rayne State Bank & Trust Company (hereafter Rayne) for failing to pay him the remainder due on an NSF check drawn on Gary Fruge’s checking account at Rayne. The trial court awarded Waltrip $3000 damages against Fruge, but dismissed his claim against Rayne, finding no obligation on Rayne’s part to pay the balance of the check,
Waltrip’s contentions on appeal are that Rayne breached its promise to pay the check, and held it for an unreasonable peri-0d 0f time prior to dishonoring it. We affirm.
FACTS
Fruge employed Waltrip as a drilling consultant, and as of February 7, 1986, owed Waltrip $5000 for work performed. In payment Fruge gave Waltrip a $5000 check drawn on his account at Rayne. Waltrip presented the check for payment at Rayne and was told that there were insufficient funds to cover Fruge’s check. From the record it appears that on February 7 Rayne deposited a $2000 cashier’s check into Waltrip’s account as partial payment of the check, and that it held the check in hope of collecting the remaining $3000 for Waltrip. On May 14, 1986, Waltrip, through his attorney, made written demand on Rayne for the $3000 Fruge owed on the check. Fruge’s business ventures in the oil field failed, and the remainder owed Wal-trip on the Rayne check was never collected. The balance of Fruge’s check to Wal-trip was never honored, and at the time of trial Rayne had misplaced the check Fruge issued to Waltrip.
DAMAGES
Waltrip contends that he is entitled to damages from Rayne because it accepted the check, paid $2000 on it, then agreed to hold it for collection of the remaining $3000. Waltrip argues that as soon as Rayne learned that Fruge’s check was NSF, it should have marked it so, and immediately returned it to him.
LSA-R.S. 10:3-409 provides:
“(1) A check or other draft does not of itself operate as an assignment of any funds in the hands of the drawee available for its payment, and the drawee is not liable on the instrument until he accepts it.
(2) Nothing in this Section shall affect any liability in contract, tort or otherwise arising from any letter of credit or other *126 obligation or representation which is not an acceptance.”
Commenting on LSA-R.S. 10:3-409, the Second Circuit in Carroll v. Twin City Pontiac Used Cars, Inc., 397 So.2d 42 (La.App. 2nd Cir.1981), the only case relied upon by Waltrip, stated:
“The import of this statutory provision appears to be clear. Although the drawee on a draft is not liable on the instrument until it is accepted, this does not preclude liability on the part of the drawee to the holder arising apart from the instrument, i.e., in tort or upon some other basis because of the drawee’s representation that the instrument will be accepted. Furthermore, La.R.S. ION-IOS imposes upon banks a duty to exercise ordinary care in the handling of commercial paper and provides for damages in the event of the violation of that duty.” (Footnote omitted.)
In the case sub judice, it was incumbent upon Waltrip to prove by a preponderance of the evidence that Rayne promised to honor Fruge’s $5000 check. We have carefully reviewed the deposition of U.J. Prevot, Rayne’s president, and Bertrand Sweeney, Jr., Rayne’s chairman of the board, and find no promise on Rayne’s part to honor the $5000 check. We have likewise examined Waltrip’s testimony at trial, and find no statement on his part that anyone connected with Rayne promised that Rayne would pay the $5000. In the absence of this key element, we find that Waltrip has failed to prove a prima facie case and under the holding of Carroll he is not entitled to recoup the $3000 from Rayne.
We have also examined the record to see if Rayne may be liable to Waltrip for failing to promptly return Fruge’s check to him. The record reveals that Rayne had once before helped Waltrip collect a NSF check which Fruge had issued to him. On that prior occasion, it is clear that Rayne held the NSF check for several months before collecting the entirety of the check for Waltrip; at that time Waltrip did not object when Rayne held the check for a long period of time without returning it to him. In the present instance we find that Waltrip acquiesced in Rayne’s decision to hold onto the check. It is clear that Rayne chose this course of action only to accomo-date Waltrip. Consequently, even if Rayne did err in holding the check for an unreasonable period of time, it was without protest from Waltrip. Furthermore, it was incumbent upon Waltrip to establish that he was damaged by Rayne’s failure to return the check. Our careful review of the record shows that no damages were established, and that Fruge’s account with Rayne never again became funded.
The only other avenue pursued by Waltrip at trial was that Rayne’s failure to return the NSF check prevented him from filing a lien against Fruge. We disagree. Though the check may have been important as an item of evidence, if Waltrip would have filed suit to enforce his lien for wages, under the codal and statutory provisions, the check was not needed to record such a lien against Fruge.
For the foregoing reasons, the judgment of the trial court is affirmed. Costs of this appeal are assessed against Waltrip.
AFFIRMED.